15-5109 Blue Water Navy Vietnam Veterans Association, Inc. et al. Appellant v. Robert A. McDonald and his official capacity as Secretary of Veteran Affairs. Mr. Wells for the Appellant, Mr. Haffman for the Appellant. Mr. Wells. Good morning, Your Honor. John Wells on behalf of Blue Water Navy Vietnam Veterans Association. May it please the Court, this issue is fairly narrow. It deals with jurisdiction. And in this particular case, the Veterans Judicial Reform Act, contrary to what the Court below found, does not provide an avenue or pathway for a veterans organization to seek review of an intolerable VA policy. In this particular case, the Court below held that we could get into the Veterans Judicial Reform Act. The problem is that only applies to individual claims. So, for example, if you look at statutory definitions that we have provided in the briefs, you have to go as an individual veteran to the Board of Veterans' Appeals. They can only review an individual veteran's decision from the regional office. And the Court of Appeals for Veterans' Claims only has jurisdiction under 38 U.S.C. 7252 of a review of the Board of Veterans' Appeals. So there is no way to get there. Browning, which I know has been attacked by the government, it's still good law in this circuit. If you look at the Vietnam Veterans of America case, where there was questioning of Browning, that was still, number one, it was dicta. Number two, that case dealt with individual claims and it dealt with the actual timing of the individual claims, which was a predicate to an individual claims. Here, if the plaintiffs are to prevail in the Court below, the Secretary would still have to make individual claims and make individual determinations. This case, this jurisdiction, does not come under the Veterans Judicial Reform Act. The question then comes, should we have gone to the Federal Circuit under 38 U.S.C. 502? In the normal case, yes. If there's a substantive regulation, yes. But this is not a substantive regulation. In the Haas case, Haas v. Peek, cited in the briefs, the Federal Circuit specifically held that these type of interpretive regulations were interpretive, were not substantive, and therefore do not come under 38 U.S.C. 502. The wording of the statute is plain. It deals with the 553 adjudication issues. It deals with issues dealing with the Freedom of Information Act and the provision of that Freedom of Information Act. Why doesn't this clearly fall within the bar of 511A as a law that affects the provision of benefits? Because it will not affect an actual provision of benefits, Judge Griffith. What it does do is set the threshold for it. If I'm a Blue Water veteran, it most certainly would. It means that I'm not going to be able to get this benefit to which I think I'm entitled. It affects the eligibility for benefits, okay? Not the actual benefit decision itself. And what Browdy held was that this applied, and all the other cases of such, the individual So you're saying, if there's a statute that says I'm not eligible for a benefit, that is not a statute that affects the provision of benefits? That's correct. That's our point. Why we say that, Your Honor, is, and let's take for example the Gray case, which was cited in the briefing. And since the briefing, by the way, the VA has come out and issued a regulation in response to Gray, which effectively doubles down. Now Mr. Gray came up from the Board of Veterans' Appeals to the Court of Appeals for Veterans Claims as an individual. The Court found that the VA policy in question, or at least most of it that's in question in this Court, was irrational, arbitrary, and capricious. They referred that back to the Board of Veterans' Appeals, and also the VA told them to rewrite the regulation. The VA rewrote the regulation, doubled down on their previous position. Now Mr. Gray is in the situation of having to fight his way back up through the Board of Veterans' Appeals, back up to the Court of Veterans' Claims to get his case adjudicated. What we're asking here is basically a policy change. And, Your Honors, if it had been a, I think everybody agrees that if it had been a substantive regulation, if this had been something that had been published in the Federal Register under the adjudication provisions, it wouldn't be coming into the Veterans Judicial Reform Act, Section 511. It's more than a policy. It's the interpretation of serving in the Republic of Vietnam. So why is that not, as Judge Griffith, leaving Browdy aside for a second, why is that not a question of law that affects the provision of benefits? Because, Your Honor, the statute is clear, the Code of Federal Regulations requirement is clear, that service in the Republic of Vietnam would include the entire sovereign territorial limits of the Republic of Vietnam, which would include the territorial seas, it would include the bays and harbors. This is a VA interpretation, and just to remind, Your Honor, just one of the background on this is up until 2002, the folks that served within the territorial seas were granted presumption. This was a unilateral decision by the VA in interpreting their Code of Federal Regulations provision. So we had statute passed, Code of Federal Regulations sent out through adjudication process, and now we have an interpretive regulation. Under Haas, the Federal Circuit will not take a look at it. They said there's no requirement to do adjudication, no requirement to do rulemaking. It's basically just the VA's call on how they interpret their regulations. Does that make sense to you, Your Honor? You were getting ready to make a point that if this had been a notice and comment rule change, where would it go then? Federal Circuit, no question. But it wasn't a notice and comment rule change. Right, I understand that. But I'm getting at the point of the individual determination versus policy. I mean, Congress said that type of policy change can be challenged in the Federal Circuit. Yes, notice and comment, no question. But this was not a notice and comment. In fact, actually, under the original Haas case, that's how it was phrased in the Court of Appeals of Veterans Claims, is they did not follow the notice and comment provision. And the Federal Circuit came back and said, no, they did not follow it. So you're not making the argument that individual determinations are barred, but policy changes are not. That's not a distinction you're making. Because policy determinations, if they do notice and comment. It is a policy determination, yes, Your Honor. So what would be the possible reason for Congress to say a policy change that comes about through notice and comment can only be challenged in the Federal Circuit, but other policy changes can be challenged in district court? Well, of course, Congress spoke before the Federal Circuit, and it was the Federal Circuit that came up with that interpretation to say interpretive regulations could not be challenged. And, Your Honor, it was clear we would just file it in the Federal Circuit. And we may very well do that on the new rule that's coming out. I'm sorry, I'm getting into my rebuttal time. But, yeah, it's really a quandary as we sat looking at this. We felt, based on the Federal Circuit precedent and everything that's listed in the brief, had we come up into the Federal Circuit, the government would be coming up with a motion to dismiss saying, you know, now you can't look at an interpretive rule. So it's almost kind of a roll on the dice. And I'm sorry, I'm into my rebuttal time. If you have no further questions? Judge Piller, did you have your question? No. Okay. We'll give you some time to reply. Thank you, Your Honor. All right, Mr. Havman. Good morning. May it please the Court, Will Havman on behalf of the Secretary of Veterans Affairs. In the Veterans Judicial Review Act, Congress broadly stated that the decisions of the Secretary under a law affecting the provision of benefits shall be final and conclusive and may not be reviewed by any other official or by any court. And that broad jurisdictional bar is dispositive to this appeal. There's no way to understand this appeal as anything other than a challenge to a decision of the Secretary under a law affecting the provision of benefits. Except, how do you deal with the language in our decision in Browardy in which we were quite clear in saying that the district courts, quote, have jurisdiction to consider questions arising under laws that affect the provision of benefits so long as the Secretary has not actually decided them in the course of a benefits proceeding, close quote. And it seems like under that standard, this issue, whether or not it affects the provision of benefits in a general sense, has not been actually decided by the Secretary in the course of the benefits proceeding. Well, I guess I have two responses to that question. The first is that if you look at the context in which Browardy was decided, I think that the Court's statement in Browardy then is clarified. Browardy was a case, a Bivens suit, brought by, I think, five plaintiffs who sought class action relief. And those five plaintiffs had, in fact, previously brought individual claims for benefits through the claims processing system. And so it made sense that in Browardy, the Court, in considering whether the Secretary had actually made a decision, was made in the context of those individual proceedings. But Browardy did not purport to require that the decision of the Secretary actually have been made in a particular context. And I think that what Browardy required was that it— Right. So we're not trenching on the area of concern to Congress in 511 because the Secretary hasn't made this decision and it's not going to affect any particular—I mean, one way to understand that is that Congress knew that we shouldn't be the court of last individual benefits issue. I mean, that would be, you know, it would replace the whole system that they've set up for individual benefits claims. On the other hand, it's a pretty typical role for district courts in situations where fact-finding is needed and for federal courts of appeals to look at these bigger, more cross-cutting issues like the issue in this case about whether or not this interpretation is valid. Well, again, I think that the focus of Browardy was on whether or not the Secretary actually made a decision as to the question at issue. And here, I don't think that there's any dispute that the Secretary has actually made a decision with respect to Blue Water Veterans and the presumption at issue here. So you would say this falls outside—I'm sorry. Oh, no, go ahead. You would say this falls outside of Browardy because here the Secretary's clearly made the relevant decision. That's correct. And so that ends— And that ends the Browardy inquiry. And I also think that just taking a step back and even, I think, as my colleague acknowledged, the VJRA contemplates the challenges, certainly challenges, to notice and comment rulemakings have to go to the federal circuit. And that's pursuant to one of the exceptions that's carved out to 511A. Right. The first exception is 511B1, which says that challenges to rules and regulations have to go through the federal circuit. So it cannot be that 511A applies only to decisions that are made in the context of individual benefits. What can we hear? What can be heard in the district court? The district court—I think that the decision in Browardy clarifies that the district court can rule on questions that relate to benefits as long as the Secretary hasn't actually made a decision that would require the district court's review. That seems, in a way, kind of perverse because we do want to know the Secretary's view when the federal courts are engaged in an issue like this one. And so when you read all the cases together, it seems a little odd that in situations where it's sort of an end run around something because the Secretary hasn't actually considered it, well, that can go to the federal district court, but not when the Secretary has. Let me actually—that's maybe more of an observation than a question. My real question for you is about the comment that you make on your brief on page 23 that there are alternative avenues for review, and in response to some of the colloquy that we had with Mr. Wells about, well, is there an alternative avenue for review here, and what is it? Well, I think that there is, and I think that Congress contemplated two avenues for review generally of the Secretary's policy decisions. And the first and the most common is the way in which the Haas case came to the federal circuit, and that's just through the process of adjudicating an individual claim for benefits. And the Haas case decided this very policy question in the context of an individual claim for benefits, and I think that that's how Congress contemplated that this sort of question would be decided. But Congress also provided a second avenue for review, and that is through 511B1, which is that challenges to agency rules and regulations can also be decided directly in the federal circuit, but both of those challenges lead through the federal circuit. And the real question here, or the real problem here, is that the federal circuit has already decided this issue. So, what about this case as it is postured? Could these plaintiffs turn around tomorrow, and of course they have Haas as an obstacle, but go to the federal circuit and say, you know, we think that needs to go en banc in the federal circuit, so we're going to go to the federal circuit with this, and then when they rule that we're foreclosed by Haas, we're going to seek en banc review and take our chances. Is that open to them in this case, and if so, how do you respond to your opponent's concern that, well, this is not a notice of comment rulemaking, therefore it isn't under 511B1? Sure. So, I think that the answer is yes, although I note that the question of... Yes, they can go? I believe that the answer is yes, they can go, although I note that the question of whether or not there's an exception to the VJRA available to them does not resolve the question of whether the plain terms of the VJRA apply here, but just setting that, I think that they can go through the federal circuit. They can go through 511B1 to the federal circuit, and that's because the federal circuit has exercised jurisdictions over questions very much like the question at issue here, and I point the court to the LeFevre decision that we cite in our brief, which was a decision under the Agent Orange Act declining to grant presumption of eligibility with respect to certain kinds of cancer, and that was a decision of the secretary. It was not published in notice of comment. It was a notice by the secretary, and the federal circuit decided that it had jurisdiction over that, and that's because it was, quote, an interpretation of general applicability, and that is contemplated through the mechanism of 511B1, which Croft references 502. What about the kind of, and I'm just trying to understand how the whole statutory scheme fits together. What about the kind of issue that, I think it was the issue that was involved in the Ninth Circuit Shinseki case where you have allegations that there's delay in the agency, so it's a cross-cutting. I think there it was a due process claim, and you really need factual development to understand the claim. The only route is to go directly to a federal court of appeals, or is there any avenue there? I guess I'm, in a way, repeating Judge Griffith's question. When might a general claim go to the district court, and I'm thinking just the logic of administrative law, when, for example, there's a need for factual development? Well, I guess I have a hard time answering that specific hypothetical, but I do think that what Browding leaves open is that where the secretary has not actually decided the question that would require this court's review, and that is open to district court jurisdiction. But I note that the Ninth Circuit in the Shinseki case that you pointed to, the Eighth Circuit or the Sixth Circuit in the Beeman case, and this circuit, albeit it wasn't the holding of the Vietnam Veterans of America case, this court faced a challenge that was very much alike, very similar to the challenge that was brought in the Shinseki case. And what this court said in addressing the VJRA was that the procedures that underlied the determination with respect to individual benefits were themselves a decision of the secretary affecting the provision of benefits, which would appear to be something that is barred by the VJRA. And the court did say that that would appear to be true regardless of whether or not it was a challenge brought in the context of a single case or a mass of cases. And I recognize that that was not the holding of the VVA case, but I do think that it is correct. I think that it was persuasive, and it is irreconcilable with the argument that my colleague was making. I appreciate your pointing us to, I guess it's Lefebvre. There is also precedent, though, that general counsel opinion is not reviewable under that route, I guess it's the 511B1 route. Where's your... Well, so that's why when I initially answered your question, I think that the appellants here have chosen the sort of embodiments of the secretary's policy that they think they have the best argument would not be subject to judicial review in the federal circuit, and that is the general counsel's opinion, and that is the change to the adjudication manuals. But that policy is also embodied over and over again. We think it's embodied in the regulation itself. We think it's embodied over and over again in the federal register. So regardless of whether or not they can challenge the specific general counsel's opinion, they can certainly get review of the notices in the federal register pursuant to 552. And so regardless of sort of the exact procedural posture of this case, which I think that they have made this challenge in order to preserve the argument that you're suggesting here, I do think that there's no question that they can get review of the actual policy in the federal circuit. I see that my time is up. I'm happy to answer any further questions. All right. Thank you. Thank you. Does Mr. Wells have any time? Two minutes remaining. Okay. Your Honor, if I may please the Court. As an initial thing, we actually don't consider Haas an obstacle. We've been wanting to try to get in to back into the federal circuit on different issues to overrule Haas. A lot has happened since Haas, and we think that we would be asking for an en banc review to actually overrule it. The last case I had in the federal circuit, the VA settled on other grounds. So, you know, we haven't had a chance to challenge it yet. But we would look forward to doing that and have other cases coming up. The urgency on this case is that we have 174,000 Navy vets that lost their benefits in a situation the Court of Appeals of Veterans Claims has already called irrational and arbitrary and capricious, but that we can't enforce because it was remanded back, since it was an individual benefits case, remanded back to the Board of Veterans Appeals, and now Mr. Gray has to go back through the process, through the 511 process. That's why we looked at bringing this on behalf of an organization that represents 174,000 veterans. And again, we feel that we fall through the cracks of the Veterans Tradition Reform Act and right into the Administrative Procedures Act, which as this Court has often found, review is favorable. You have to look at it favorable, and the government would have to show by clear and transparent evidence that it's not reviewable under the Administrative Procedures Act. We believe that... Right, and that's 511. That's the whole question of this case, is whether Congress has clearly said this has got to be done in the Federal Circuit, right? That's correct, and of course, Browdy said it didn't. But if you look at the... One solution also is to go to Congress, right? If you fall in between the cracks. We have 305 co-sponsors now in the House, and 38% were working that issue also. The problem we run into, Your Honor, is under the Pay As You Go Act, we have to find a pay for CBO. It's costed us $930 million, and we have trouble finding it. Well, we are working that issue too. We're working the Court of Appeals of Veterans Claims as well. He mentioned substantive underlying regulation. What it says, service in the Republic of Vietnam includes service in water, offshore, and service in other locations if the conditions of service involve duty or visitation in the Republic of Vietnam. One of the major questions is, under international and national law, are the territorial seas and the bays and harbors part of the sovereign territory of Vietnam, which in the 1954 Geneva Accords and the 73 Paris Peace Treaties, we said we are. And I'm sorry, I'm out of time. Let me just ask you... This is just, again, a question of information. Do you have any sense of how many of the foot-on-ground veterans qualify? You mentioned your figure of 174,000. How many veterans qualify under the Secretary's interpretation? Under the Secretary's interpretation, Judge Phillips, of that 174,000, possibly around 80,000 have either gone into a river or touch base and would be covered. Of this 174,000? How about the ones who are not even Navy but on the ground? Oh, I'm sorry. We're talking about hundreds of thousands, Your Honor. That's the number of everybody that went into Vietnam, and that was, I think, way into the millions, actually. And do you know how many actually have received benefits? No, ma'am. Unfortunately, getting information out of the VA is almost as hard as getting a hospital appointment. I should have asked them the question. All right. Your Honor, again, I'm sorry I'm out of time. I won't be asking any questions. Thank you so much. Thank you for your question on behalf of these veterans. We appreciate you hearing the case today. Thank you.
judges: Henderson, Griffith, Pillard